IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. MEEK,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>A. K. SCRIBNER, Warden,<br><br>　　　　　　Respondent. | No. C 03-03689 JW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His application to proceed in forma pauperis was granted in an earlier order. This Court found that the petition, liberally construed, stated cognizable claims under § 2254 on the claims of ineffective assistance of trial and appellate counsel, and dismissed the remaining claims. Respondent was ordered to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer, and petitioner has filed a traverse.

///

///

## BACKGROUND

On November 4, 2000, petitioner pleaded guilty in the Superior Court of the State of California in and for the County of Santa Clara of transportation of methamphetamine (Cal. Penal Code § 11379(a)[1]), possession of methamphetamine (§ 11377(a)), reckless driving to elude a peace officer (Cal. Vehicle Code § 2800.2), and possession of stolen property (§ 496(a)). Petitioner also admitted to nine prior "strike" convictions, an allegation that he was on bail when he committed the new offenses, and four prior prison term enhancements. The trial court dismissed eight of the non prior "strike" convictions, and sentenced petitioner to seventeen years and eight months in state prison. On direct appeal, the California Court of Appeals modified the judgment to vacate one of the prior prison term enhancements, reducing the sentence by one year.

Petitioner filed state habeas petitions in the Superior Court for the State of California, the California Court of Appeals, and the California Supreme Court. The state high court denied the petition on June 25, 2003. Petitioner filed the instant federal habeas petition on August 7, 2003.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\6.13.2007\03-03689 Meek3689.denyHC.wpd     2

on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

A federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C.

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\6.13.2007\03-03689 Meek3689.denyHC.wpd    3

§2254(e)(1).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.   Claims and Analysis

Petitioner alleges that he received ineffective assistance of counsel from his trial counsel and then by his appellate counsel.

"As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1995) (citations omitted). As the Supreme Court put it,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.

1.   Ineffective Assistance by Trial Counsel

Petitioner claims that trial counsel rendered ineffective assistance because he failed to research or investigate facts, failed to file proper motions, and failed to challenge petitioner's nine prior "strikes." Petitioner's claims are without

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\6.13.2007\03-03689 Meek3689.denyHC.wpd      4

merit.

In order to establish ineffective assistance of counsel in this case, petitioner must satisfy the two-part standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), i.e., that counsel's performance was deficient and that the deficient performance prejudiced his defense, and establish the prejudice requirement by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 57-59.

Petitioner's claims that trial counsel failed to research or investigate facts and failed to file proper motions are contentions of ineffectiveness of counsel which occurred prior to petitioner's guilty plea. Petitioner waived such pre-plea constitutional violation claims when he entered his guilty plea and is therefore barred from raising them in a federal habeas petition. See Tollett, 411 U.S. at 267; Hudson, 760 F.2d at 1029-30.

Petitioner's claim that trial counsel rendered ineffective assistance of counsel by his failure to attack petitioner's nine prior "strikes" are without merit. Petitioner fails to demonstrate that such performance was deficient and that he was prejudiced by it, i.e., but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 57-59. Prejudice is particularly lacking in petitioner's case because the trial court dismissed eight of the nine priors. (See *supra* at 2.) As to the remaining ninth prior conviction, petitioner fails to show that he was either innocent of it or that the prosecution would have been unable to prove it had they gone to trial, making it even more unlikely that petitioner would have insisted on going to trial but for counsel's failure to challenge the ninth prior conviction. The state court's denial of this claim was not contrary to, or an unreasonable application of clearly established federal law, or was based on an

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\6.13.2007\03-03689 Meek3689.denyHC.wpd    5

1  unreasonable determination of the facts.  See 28 U.S.C. § 2254 (d).  Accordingly,

2  petitioner's claim is DENIED.

3        2.     Ineffective Assistance of Appellate Counsel

4          Petitioner claims that his appellate counsel rendered ineffective assistance because of he failed to allege ineffective assistance of trial counsel for failing challenge the nine prior "strikes" on appeal and appellate counsel himself should have challenged the strikes on appeal.  These claims are without merit.

       The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right.  See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).[2]  Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland v. Washington, 466 U.S. 668 (1984). Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986).  A defendant therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Miller, 882 F.2d at 1434 & n.9 (citing Strickland, 466 U.S. at 688, 694; Birtle, 792 F.2d at 849).

       Because the claim of ineffective assistance of trial counsel discussed supra was without merit, it cannot be said that appellate counsel was deficient in failing to raise it on appeal.  Furthermore, since petitioner failed to show how he was prejudiced by trial counsel's failure to challenge the nine prior convictions at the trial level, there is no reasonable probability that petitioner would have prevailed on this issue on appeal.  See id.  In fact, appellate counsel advised petitioner about the

---

[2] Although the right to the effective assistance of counsel at trial is guaranteed to state criminal defendants by the Sixth Amendment as applied to the states through the Fourteenth, see Lucey, 469 U.S. at 392, the Sixth Amendment does not address a defendant's rights on appeal; the right to effective state appellate counsel is derived purely from the Fourteenth Amendment's due process guarantee, see id.

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\6.13.2007\03-03689 Meek3689.denyHC.wpd     6

potential negative consequences of challenging the priors in a letter:

> "I also want to let you know the result of investigating your prior convictions. It does appear that some or all of the priors from 1979 might be challenged as not being "strikes." I have seen similar challenges lose, so there is no guarantee that a court would rule that they are not "strikes." For now, I do not think anything further should be done about them. I have discussed this with a lawyer from the Sixth District Appellate Program, and they agree that it could be dangerous to pursue the question any further at this time. If the issue was raised, it could put you in a far worse position. If the admissions were set aside you could go back to superior court with all nine "strikes" revived. If the superior court found them to qualify as "strikes," you could face a sentence of twenty-five years to life."

(Pet. Ex. D.) It is apparent that appellate counsel researched the issue and along with his own personal experience on the matter, rendered reasonable advice. Because appellate counsel believed petitioner could be facing harsher consequences if he pursued the issue on appeal, it cannot be said that his advice not to challenge the "strikes" on appeal was unreasonable. Accordingly, the state court's rejection of this claim was not contrary to or an objectively unreasonable application of Supreme Court precedent, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner's claim has no merit and is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

DATED: June 13 2007

JAMES WARE
United States District Judge

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\6.13.2007\03-03689 Meek3689.denyHC.wpd        7